IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARICO LATEZ COLLINS-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:23-cv-548-RAH-CWB |
| | ) |
| INSURANCE BONDS AND TRUST BANKS, | ) |
| | ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Elmore Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and simultaneously filed an application seeking leave to proceed *in forma pauperis* (Doc. 2). By Order entered October 12, 2023, the court granted *in forma pauperis* status and directed Plaintiff to remit the sum of $45.73 as an initial partial filing fee no later than October 25, 2023. (Doc. 5 at pp. 1-2). The Order cautioned Plaintiff that a failure to remit the fee amount would result in a recommendation that the case be dismissed and that he must request an extension of time in the event he was unable to remit the fee by the deadline. (*Id*. at pp. 2-3).

Despite the court's instruction, Plaintiff has neither remitted the initial partial filing fee nor sought an extension of time for doing so. The Magistrate Judge construes such failures as reflecting a lack of interest in the continued prosecution of the case, which cannot proceed absent Plaintiff's active participation. Under the circumstances presented where Plaintiff has exhibited willful contempt for the court's Order, the Magistrate Judge finds that lesser sanctions than dismissal would not be appropriate. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion

1

where the litigant has been forewarned); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. ... The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **November 22, 2023**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection has been made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations, and the court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

**DONE** this the 8th day of November 2023.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE